UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VALERIE SLAUGHTER,

    Plaintiff,

    v.

FRED WEBER, INC. and LABORERS'
LOCAL 670,

    Defendants.

Case No. 07-cv-613-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Laborers Local 670's Motion to Dismiss (Doc. 57). Plaintiff has responded (Doc. 60) and Defendant has replied (Doc. 65). For the following reasons, the Court GRANTS in part and DENIES in part the motion.

## BACKGROUND

The following facts are accepted as true for purposes of this motion. Plaintiff Valerie Slaughter (Slaughter) is an African-American female. Slaughter has been a member of Defendant Laborers Local 670 (Local 670), a labor organization, since September 9, 2002. At all relevant times, Slaughter was a member in good standing with Local 670. Defendant Fred Weber, Inc. (Weber) is a signatory employer to a collective bargaining agreement with Local 670. Under the collective bargaining agreement, Local 670 was the sole source of referrals to Weber for laborers. The collective bargaining agreement required Local 670 to establish a date, time and place for its members to register in person for work on a weekly basis. Local 670 was to refer applicants for employment with signatory employers provided the applicants had the necessary skill and experience for the position. Local 670 was prohibited from discriminating

1

against applicants for referral positions on the basis of age, race or sex.

Local 670 required members to sign a daily registration sheet in order to be referred for work. Scott Vitek (Vitek), President of Local 670, and Steve Trokey (Trokey), Business manager for Local 670, acting on behalf of Local 670, refused to allow Slaughter and other female or African-American union members to complete the daily or weekly sign-up sheets. Instead, Vitek and Trokey, on behalf of Local 670 would fill out daily and weekly sign-up sheets on behalf of union members who were not present at the hiring hall. Vitek and Trokey would then refer those union members for work for which Slaughter and other female or African-American union members were qualified. Additionally, Local 670 referred Slaughter and other female or African-American union members to temporary or short-term jobs, while referring white male union members to full-time or permanent positions.

On or about December 2, 2005, Slaughter, proceeding pro se, filed a charge with the Illinois Department of Human Rights (IDHR) alleging race and gender discrimination. Slaughter's IDHR claim was dual filed with the Equal Employment Opportunity Commission (EEOC). Slaughter's claim alleged that on August 8, 2005, Local 670 refused to refer Slaughter to a job with Weber for which she was qualified because of her race and/or her gender. Instead, Local 670 referred a union member with less seniority. On April 27, 2006, the EEOC issued a right to sue letter to Slaughter. Slaughter brought suit against Local 670 and Weber under Title VII, 42 U.S.C. § 2000e, *et seq.* and the Illinois Human Rights Act (IHRA) on May 18, 2006, in the United States District Court for the Eastern District of Missouri. Venue was subsequently transferred to this court. After filing the suit, Slaughter withdrew her IDHR charge.

Slaughter also filed a charge on April 13, 2007, with the National Labor Relations Board

Region 14 (the Region), alleging that Local 670 violated Section 8 of the National Labor Relations Act. The Region investigated the allegations and determined that there was insufficient evidence to proceed further. Slaughter appealed the Region's determination to the General Counsel of the National Labor Relations Board. On October 25, 2007, Slaughter's appeal was denied.

Local 670 filed this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## ANALYSIS

For purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam ) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.2007). The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Therefore, the complaint need not allege detailed facts. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir.2007).

However, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Id*. (quoting *Twombly*, 127 S.Ct. at 1965 (2007)) (internal quotations omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S.Ct. at 1965. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to

3

which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.2007). However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 127 S.Ct. at 1969 n**.** 8.

I.      **Effect of Withdrawl of IDHR Charge on Title VII Claims**

Counts VII through XII of Slaughter's first amended complaint are directed at Local 670. Counts VII, IX and XI are brought under Title VII, while counts VIII, X and XII are brought under the IHRA. Both parties agree that Slaughter's withdrawal of her IDHR charge constitutes a failure to exhaust her administrative procedures for her IHRA claims. Therefore, Slaughter's IHRA claims are not properly before the Court. *See, e.g.*, *Shaw v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 ( 7th Cir.2002) (citing *Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir.2001); *Village of Maywood Board of Fire & Police Comm'rs v. Department of Human Rights*, 695 N.E.2d 873, 881 (1998)). Accordingly, the Court dismisses those Counts.

Local 670 contends that Slaughter's withdrawal of her IDHR charge is fatal to not only her IHRA claims, but her Title VII claims as well. Local 670 cites no law to support this contention. Instead, Local 670 points to *Khader v. Aspin*, 1 F.3d 968 (10th Cir.1993) and *Parks v. University of Chicago Hospitals and Clinics*, 896 F.Supp. 775 (N.D. Ill. 1995), both cases where the plaintiff's withdrawal of her EEOC charge barred the plaintiff's Title VII claim, and *Pace v. Ill. Human Rights Comm'n*, 542 N.E.2d 1277 (Ill. App. Ct. 1989), a case where the plaintiff's withdrawal of her IDHR charge barred her IHRA claim.

4

Here, Slaughter filed a timely charge with the EEOC, received her right to sue letter, brought timely suit in federal court, and only then, withdrew her IDHR charge. In other words, Slaughter had perfected her Title VII claim prior to her withdrawal of her IDHR charge. None of the cases cited by Local 670 support its contention that a plaintiff's withdrawal of her state law charge bars a perfected Title VII claim. Furthermore, Local 670's contention that the EEOC relied on the IDHR as its fact-finder for the processing of Slaughter's claim and that "the processing of the charge by both agencies had to be closed following the IDHR's Order [of Closure]" is not supported by anything in the record. Even if the EEOC normally relies on the IDHR to act as the finder of fact for charges that are filed concurrently with both agencies, it does not necessarily follow that the EEOC is unable to process charges that are subsequently withdrawn from the IDHR. Local 670 cites to no statutes, agency policies or case law to support its contention that the Court lacks subject matter jurisdiction over Slaughter's perfected Title VII claims merely because she has opted to not pursue her state claims. Therefore, the Court will not dismiss Counts VII, IX and XI for failure to exhaust administrative procedures.

## II.      Allegations of Harassment[1]

Local 670 contends that Slaughter's complaint alleges incidents of harassment that are not within the scope of her EEOC charge, and are therefore, not properly before the Court. A Title VII plaintiff may generally bring only those claims that were included in or encompassed by her EEOC charge. *McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 481 (7th Cir.1996). "The complaint in the civil action may properly encompass any discrimination like or reasonably

---

[1]For purposes of this Motion, the Court has considered the EEOC charge attached to Plaintiff's response because the document is referenced in the Plaintiff's complaint and central to her claims. *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 731 n. 3 (7th Cir.2005).

related to the allegations of the charge or growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976) (en banc), cert. denied, 429 U.S. 986 (1976) (internal quotations omitted). Furthermore, Title VII plaintiffs who filed their EEOC charges *pro se* are entitled to have those charges liberally construed. *Jenkins*, 538 F.2d at 167.

Here, Slaughter's EEOC charge refers to Local 670's failure to refer her to positions for which she was qualified. Slaughter's complaint alleges that she was not referred to positions for which she was qualified, that she was prevented from signing the sheets indicating her availability to work, and that when she was referred to positions, they were often short term or undesirable. Slaughter also alleges that she was subjected to severe and pervasive racial and sexual harassment. Local 670 contends that these allegations of harassment are not included in Slaughter's EEOC charge and must be dismissed. Local 670 claims that "[t]he allegation of harassment is wholly different than a refusal to refer." However, what is commonly referred to as "harassment" is simply discriminatory conduct that is so severe or pervasive that it creates an abusive work environment. *Harris v. Forklift Systems, Inc*., 510 U.S. 17, 22 (1993).

Slaughter contends that, far from being "wholly different from a refusal to refer," the harassment that she complains of here is Local 670's method of precluding minority referrals. Local 670 engages in a series of practices that, taken together, are so severe and pervasive as to create an abusive work environment. Furthermore, Slaughter points out that any EEOC investigation into Local 670's referral process stemming from her charge could reasonably be expected to have uncovered the practices of which she complains. The Court agrees. Any investigation into how Local 670 went about referring its members would have uncovered the discriminatory refusals to allow members to sign-in, the discriminatory referrals to temporary or

undesirable positions, and the discriminatory refusals to refer; practices generally referred to by Slaughter as "harassment." Therefore, the Court will not dismiss Slaughter's allegations of racial and sexual harassment.

### III. Discrimination Claims Based on Race and Gender

Local 670 contends that Count XI, alleging that Slaughter was discriminated against on the basis of both race and gender, is duplicative of Counts VII and IX, alleging that Slaughter was discriminated against on the basis of gender and race respectively. Slaughter counters that discrimination based on the dual characteristics of being an African-American female constitutes a separate violation of Title VII than discrimination based on one characteristic or the other.

The Seventh Circuit has yet to weigh-in on this question. However, the Court finds instructive the Fifth Circuit's decision in *Jefferies v. Harris County Cmty. Action Ass'n*, 615 F.2d 1025 (5th Cir. 1980). The Fifth Circuit explained:

> Title VII provides a remedy against employment discrimination on the basis of an employee's "race, color, religion, sex, or national origin." 42 U.S.C. s 2000e-2(a). The use of the word "or" evidences Congress' intent to prohibit employment discrimination based on any or all of the listed characteristics. . . . If both black men and white women are considered to be within the same protected class as black females for purposes of the McDonnell Douglas prima facie case and for purposes of proof of pretext after an employer has made the required showing of a legitimate, non-discriminatory reason for the adverse employment action, no remedy will exist for discrimination which is directed only toward black females.

*Id*. at 1032-33. *See also, Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1416-17 (10th Cir.1987); *Lam v. Univ. of Hawaii*, 40 F.3d 1551, 1562 (9th Cir.1994) (discussing Asian women).

The purpose of Title VII is "the removal of artificial, arbitrary and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classifications." *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971).

Slaughter alleges that Local 670 discriminated against her on the basis of her race, her gender, or the combination of her race and gender. All three bases are prohibited by Title VII. However, under the McDonnell Douglas burden shifting analyses usually employed in these cases, if the Court dismissed Count XI as duplicative of the other two counts, Local 670 could escape liability under Title VII merely by showing that it does not discriminate against white females or against African-American males. Such an effect is irrational and contrary to the purposes of Title VII. Accordingly, the Court finds that Count XI is not duplicative of Counts VII and IX , and will not dismiss Count XI.

### IV.     Effect of NLRB Decision on Title VII Claims

Finally, Local 670 contends that the doctrine of *res judicata* should preclude the Court from hearing Slaughter's Title VII claim. It contends that the NLRB's decision not to bring a complaint against it based on Slaughter's charge precludes the Court from deciding her claims. For this contention, the Court has considered material outside the pleadings, and therefore treats it as a motion for summary judgment. Fed.R.Civ.P. 12(c).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir.2000).

The parties agree that the material facts are that after Slaughter filed her federal suit, she filed a charge against Local 670 with the NLRB alleging that Local 670 violated the National Labor Relations Act. The NLRB regional director investigated the allegations and determined

that there was insufficient evidence to justify issuing a complaint.  Slaughter appealed the regional director's determination to the General Counsel of the National Labor Relations Board.  Her appeal was denied.

The doctrine of *res judicata* seeks to eliminate the filing of multiple suits based on the same underlying conduct by giving preclusive effect to the first judgment rendered.  *Rogers v. Desiderio*, 58 F.3d 299, 299 (7th Cir.1995). The principles of preclusion apply to prior suits and prior administrative-review actions.  *Id.*  They do not apply, however, to initial determinations of administrative agencies in which the parties are not given an opportunity to be heard, present evidence and have judicial review of adverse findings.  *Cunegin v. Zayre Dept. Store*, 437 F.Supp. 100, 103 (D.C. Wis. 1977) (interpreting *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966)).

The NLRB has procedures in place that allow any person to file a charge that any other person is engaging in unfair labor practices with the regional director for the region in which the unfair practice occurred.  29 C.F.R. §§ 12.9-12.10.  If it appears to the regional director that formal proceedings should be instituted, he will serve a complaint in the name of the NLRB on the parties and set a hearing before an administrative law judge.  29 C.F.R. § 102.15.  If the regional director declines to issue a complaint, the charging party may appeal that decision to the office of the General Counsel, who may sustain the regional director's refusal to issue a complaint or direct the regional director to take further action.  29 C.F.R. § 102.19.  The General Counsel's decision not to issue a complaint is not subject to judicial review.  *Augusta Bakery Corp v. N.L.R.B.*, 846 F.2d 445, 447 (7th Cir.1988).  Other circuits that have examined the question, have found that no *res judicata* or collateral estoppel effect attaches to the refusal of

9

NLRB to issue a complain. *E.g., Smith v. Local No. 25, Sheet Metal Workers Intern. Ass'n*, 500 F.2d 741, 748 n.4 (5th Cir.1974); *Int'l union of Elec., Radio and Mach. Workers, AFL-CIO v. Gen. Electric Co.*, 407 F.2d 253, 264 (2d Cir.1968).

Here, Slaughter filed a charge against Local 670 with the NLRB. The regional director declined to issue a formal complaint based on that charge. Slaughter appealed that decision to the General Counsel, who sustained the regional director's refusal. However, Slaughter's charge has never been the subject of any judicial proceeding or evidentiary hearing. The decision of the NLRB that there was insufficient evidence to support the issuance of an unfair labor practices complaint is merely the initial determination of an administrative agency. Because Slaughter was not given an opportunity to be heard, present evidence and have judicial review of adverse findings, the NLRB's findings are not *res judicata*. Therefore, the Court will not dismiss Slaughter's perfected Title VII claims on those grounds.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss (Doc. 57). The Court **GRANTS** the Motion as to Counts VIII, X, and XII. The Court **DENIES** the Motion as to Counts VII, IX, and XI.

**IT IS SO ORDERED.**
**DATED: March 3, 2008**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**