UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| VALERIE SLAUGHTER, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 07-cv-613-JPG |
| FRED WEBER, INC. and LABORERS' LOCAL 670, | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion for Bill of Costs filed by Defendant Local 670 (Doc. 118). Plaintiff Valerie Slaughter has Responded (Doc. 119), and Local 670 has Replied (Doc. 120).

Judgment was entered in this case in favor of Defendant Local 670 and against Plaintiff Valerie Slaughter on July 30, 2008 after a four day jury trial. Defendant Local 670 is therefore a prevailing party in this action, and as such, is presumptively entitled to costs under Federal Rule of Civil Procedure 54. However, the district court has the discretion to deny costs to a prevailing party in two situations. *Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). "[T]he first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce costs if the losing party is indigent." *Id*. The second situation applies here.

Plaintiff in this case was granted leave to prosecute this action in forma pauperis, with the aid of appointed counsel. Although merely proceeding in forma pauperis does not automatically shield a litigant from an assessment of costs, *see McGill v. Faulkner*, 18 F.3d 456, 458 (7th Cir.1994), the fact that Plaintiff was granted leave to proceed in forma pauperis is properly

before the Court as evidence of her inability to pay costs.  In addition, evidence was presented at trial indicating that Plaintiff has earned very little income since 2005.  Furthermore, Plaintiff has submitted an affidavit to the Court, along with her Response to the instant motion, showing that she is without the funds to pay the costs sought by Defendant Local 670.  Having considered all the facts, the Court finds that Plaintiff Valerie Slaughter is indigent, and hereby exercises its discretion to reduce the costs she must pay to Defendant Local 670.  The Court will tax Plaintiff with the costs of the trial subpoenas directed to witnesses who actually testified during the trial.  Accordingly, the Court **GRANTS** Defendant Local 670's Motion for Bill of Costs (Doc. 118) in the amount of **$570 (five hundred and seventy dollars)**.

**IT IS SO ORDERED.**
**DATED: September 18, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**